UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

JOY BROWN, *et al.*,

    Plaintiffs,

vs.

GREENE COUNTY VOCATIONAL
SCHOOL DISTRICT BOARD OF
EDUCATION, *et al.*,

    Defendants.

Case No. 3:24-cv-14

District Judge Michael J. Newman
Magistrate Judge Caroline H. Gentry

---

**ORDER: (1) GRANTING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER (Doc. No. 3); (2) ISSUING A TEMPORARY RESTRAINING ORDER AS SET FORTH HEREIN, EFFECTIVE FOR 14 DAYS BEGINNING ON JANUARY 18, 2024 AT 12:00 A.M.**

---

    Plaintiffs Joy Brown and Jacob Brown bring this case on behalf of their minor son, Plaintiff J.B., asserting claims under 42 U.S.C. § 1983 for alleged violations of J.B.'s rights under the Fourth and Fourteenth Amendments to the United States Constitution.[1] Doc. No. 1. Defendants[2] are Greene County Vocational School District Board of Education ("Defendant School District"); David Deskins ("Defendant Deskins") is the superintendent of the Greene

---

[1] Plaintiffs' complaint also asserts claims under the Americans with Disability Act, the Rehabilitation Act, and Ohio law. Doc. No. 1 at PageID 13-18. There is no present dispute that this Court may exercise federal question jurisdiction in this case pursuant to 28 U.S.C. § 1331 and, if necessary, supplemental jurisdiction under 28 U.S.C. § 1367.

[2] Strictly speaking, the Defendants identified in Plaintiffs' complaint are merely "named Defendants" at this early stage of the case because they have not been served with a summons and have not waived service. *See* Fed. R. Civ. P. 4.

County Vocational School District; and Maurice Harden, a teacher at the Greene County Career Center in Greene County, Ohio. *Id*. at 3.

Plaintiff J.B. has cerebral palsy and is a student at the Greene County Career Center ("the School"). *Id*. at PageID 2. He alleges in his complaint that Harden has physically abused him in the classroom by pushing a table into his stomach, pinning him in his chair, then grabbing him by his shoulders and pushing him out of his chair and onto the floor. *Id*. at PageID 5, ¶ 35. Harden also allegedly pushed J.B. out of his chair, sometimes onto the floor, between ten and fifteen times, *id*. at PageID 6, ¶ 48. On another occasion in the weight room, Harden allegedly grabbed J.B.'s hand, pulled him close, and bent his fingers back very hard, causing J.B. pain. *Id*. at PageID 6, ¶¶ 44-45.

The case is before the Court upon Plaintiffs' complaint and motion for a temporary restraining order and preliminary injunction. Doc. Nos. 1, 3. Plaintiffs seek a temporary restraining order and a preliminary injunction enjoining Defendants from returning Harden to the classroom and an Order preventing Harden from being on school property. Doc. No. 3 at PageID 24.

On the date Plaintiffs filed their complaint and motion, the Court held two telephone conferences. The first conference was initially set as an *ex parte* status conference on the record because it appeared that Defendants had yet to be served with summons or waive service of summons.[3] However, during both conferences, counsel appeared on behalf of Defendant School District and Defendant Deskin. During both conferences, the Court heard

---

[3] This is not intended as a criticism of Plaintiffs' counsel because, under some circumstances, the Court may issue an *ex parte* temporary restraining order. *See* Fed. R. Civ. P. 65(b).

2

oral argument from the parties' counsel (except for Harden).[4]

## I.

During the status conferences, counsel for Defendant School District informed the Court that the School received notice of Plaintiffs' allegations on December 18, 2023. The next day, the School suspended Defendant Harden from his teaching position pending an investigation. During the investigation, Defendant Harden neither admitted nor denied engaging in any misconduct. When the investigation concluded, he was placed on a very strict last-chance agreement prohibiting him from engaging in any form of misconduct, including, presumably, the type of misconduct alleged in Plaintiffs' complaint.[5] According to Defendant School District's counsel, the last-chance agreement also provides that if Defendant Harden engages in such misconduct in the future, he will either resign or be terminated from his position.

With the last-chance agreement in place, Defendant Harden returned to the classroom on January 16, 2024, apparently based, in part, on the requirements of a Collective Bargaining Agreement. Plaintiffs assert that J.B. did not attend school on January 16th or 17th because of Harden's return to the classroom.

## II.

"A temporary restraining order ("TRO") is an extraordinary remedy." *Burton v. Kettering Adventist Health Care*, No. 3:20-cv-209, 2020 WL 3265526, at *1 (S.D. Ohio June 17, 2020) (citing Fed. R. Civ. P. 65; *Kendall Holdings, Ltd. v. Eden Cryogenics LLC*, 630 F.

---

[4] During the first conference, Defendant School District's counsel explained that the scope of their possible representation of Harden had not been finalized.

[5] A copy of the last-chance agreement is not in the present record of this case.

Supp. 2d 853, 860 (S.D. Ohio 2008)). A four-factor balancing test applies to TRO motions: "(1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would otherwise suffer irreparable harm; (3) whether the TRO would substantially harm third parties; and (4) whether the TRO would serve the public interest." *Refunjol v. Adducci*, No. 2:20-cv-2099, 2020 WL 1983077, at *3 (S.D. Ohio April 27, 2020) (citing *York Risk Servs. Grp., Inc. v. Couture*, 787 Fed. App'x 301, 304 (6th Cir. 2019)). No single factor is a prerequisite to granting a TRO. *Id.* (citing *In re DeLorean Motor Co.*, 755 F.2d 1223, 1229 (6th Cir. 1985)); *see D.T. v. Sumner Cty. Sch.*, 942 F.3d 324, 326-27 (6th Cir. 2019).

Based on the factual information provided by the parties' counsel on the record during the two conferences and the allegations raised in Plaintiffs' complaint and motion for TRO, and with knowledge that Defendants have not had an opportunity to present evidence or file a memorandum in opposition to Plaintiff's motion for a TRO, and also being sensitive of the Court's duty to exercise its jurisdiction while avoiding interference with the day-to-day decisions by Defendant Deskins and the day-to-day operations of Defendant School District, the Court finds that the extraordinary remedy of a TRO is warranted. For the reasons set forth in Plaintiffs' memorandum, the Court finds that Plaintiffs have pled facts sufficient to establish a strong likelihood of success on the merits of their claims under the Fourth and Fourteenth Amendments, the Rehabilitation Act, and the Americans with Disability Act.[6] *See* Doc. No. 3 at PageID 30-36. Plaintiffs' reasoning also suffices to show J.B. will suffer irreparable harm absent an injunction. *See id.* at PageID 40-42. Indeed, they have made an especially strong showing of immediate serious irreparable harm to J.B. if Defendant Harden is permitted to remain present in the school. *See id.* at PageID 40-41. This is so even though Defendant

---

[6] In light of these conclusions, the Court declines to reach, at present, Plaintiffs' state-law claims.

Harden is now subject to the terms of a last-chance agreement with the School District. If a TRO does not issue, J.B. and his parents will face two options: "(1) remove J.B. from the school or (2) risk continued physical and verbal abuse from Defendant Harden. Either scenario results in irreparable harm." *Id*. at PageID 40-41 (citing in part, *J.L. v. Williamson Cty.*, No. 23-5704, 2023 U.S. App. LEXIS 23453, at *10 (6th Cir. Sept. 1, 2023) ("[i]t is axiomatic that there is inherent harm in denying a child a proper education").

The remaining to factors also favor issuance of a TRO. Any potential harm that a TRO may cause Defendant School District or Defendant Deskins is outweighed by the harm J.B. would be subjected to even in the mere presence of an abuser in his classroom and school. *See* Doc. No. 3 at PageID 42. Additionally, the public has a significant interest in keeping students safe while they are in school. *J.L. v. Williamson Cty.*, 2023 U.S. App. LEXIS 23453, at *12. Further, Plaintiffs correctly point out, "the public has a strong interest in the "maintenance of appropriate education services to disabled children … as Congress has detailed in the IDEA."[7] Doc. No. 3 at PageID 42 (quoting *Young v. State of Ohio*, No. 1:12-cv-9672013 U.S. Dist. LEXIS 5260, at *31 (S.D. Ohio Jan. 14, 2013)).

In light of the above, Plaintiffs have demonstrated that the balance of applicable factors favors the issuance of their requested TRO, and Plaintiffs' motion for a TRO is **GRANTED**.

Turning to Plaintiffs' motion for a preliminary injunction, the Court notes that issuance of this TRO is not based on the conclusion that Plaintiffs have proved their claims by a preponderance of the evidence. This TRO does not to conclude or imply that Defendant

---

[7] The IDEA refers to the Individuals with Disabilities Education Act. *See Young*, 2013 U.S. Dist. LEXIS 5260 **2-4.

School District or Defendant Deskins have engaged in wrongdoing directed at Plaintiffs, including J.B. By all present appearances, these Defendants acted promptly to remove Defendant Harden from the School when notified of the allegations against him. Additionally, these Defendants engaged in what appears—at this early stage of the case—to have been an investigation that revealed evidence both favorable and unfavorable to the parties. As a result of the investigation, these Defendants and Harden reached what, at present, sounds like a very strict last-chance agreement. If evidence eventually supports the existence of these circumstances, a Collective Bargaining Agreement might well have required Defendant School District to return Defendant Harden to his position and to the classroom. The Court makes these observations only for the purpose of indicating that much remains to be established by evidence before either party may prevail in this case. The Court therefore declines to presently rule on Plaintiffs' motion for a preliminary injunction, pending further discussions with counsel and an evidentiary hearing, if warranted. *See* Fed. R. Civ. P. 65.

**III.**

Plaintiffs' motion for a temporary restraining order is **GRANTED** as follows:

1. Defendant Greene County Vocational School District Board of Education and Defendant Deskins are temporarily enjoined for a period of 14 days from returning Maurice Harden to the classroom at the Greene County Career Center in Greene County, Ohio and from allowing Maurice Harden to enter the Greene County Career Center in Greene County, Ohio.

2. Maurice Harden is temporarily enjoined for a period of 14 days from entering the Greene County Career Center in Greene County, Ohio.

3. This Temporary Restraining Order shall take effect on **January 18, 2024 at 12:00 a.m.** and shall remain in effect for 14 days.

The Court declines to presently rule on Plaintiffs' motion for a preliminary injunction.

The Court remains available for a telephone status conference with counsel regarding

Plaintiff's motion for a preliminary injunction.  Counsel may call Courtroom Deputy Claire McDowell at (937) 512-1640 to schedule a telephone status conference.

    **IT IS SO ORDERED.**

January 17, 2024                        s/Michael J. Newman
                                               Hon. Michael J. Newman
                                               United States District Judge